# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| EDITHA SALVADOR, | Case No.: 2:21-cv-01732-APG-NJK |
| Plaintiff | **Order** |
| v. | [ECF Nos. 20, 26, 30, 46, 62, 63] |
| MERIDIAS CAPITAL, et al., | |
| Defendants | |

Defendant Bank of New York f/k/a Bank of New York Mellon, as Trustee for the Certificateholders of the CWALT, Inc., Alternative Loan Trust 2006-OA19 Mortgage Pass-Through Certificates, Series 2006-OA19 (BONY)[1] moves to dismiss plaintiff Editha Salvador's first amended complaint. ECF No. 30.  BONY argues that claim preclusion bars Salvador's claims and she fails to state a claim. *Id.*  Salvador likewise moves for summary judgment. ECF Nos. 45, 46.

Claim preclusion bars Salvador's claims against all the defendants other than Meridias Capital.  So I dismiss Salvador's complaint without leave to amend as to all the defendants other than Meridias, and I deny Quality Loan Service Corporation's separate motion to dismiss as moot.  Salvador has not demonstrated she is entitled to judgment as a matter of law or to default judgment against Meridias, so I deny her motions for summary judgment and for default judgment.  I deny Salvador's motion to prevent notice of foreclosure because I have dismissed her claims against all defendants except Meridias.  I also order Salvador to clarify Meridias'

---

[1] BONY states that Salvador erroneously sued it as Bank of New York f/k/a Bank of New York Mellon. ECF No. 30 at 2.  I direct the clerk of court to amend the caption to accurately reflect the proper defendant.

entity status and explain how I have jurisdiction and authority over Meridias, which apparently has been either dissolved or permanently revoked.

## I. BACKGROUND[2]

Salvador filed a complaint in November 2017 against many of the same defendants named in her current complaint. *Salvador v. Bank of New York Mellon, et al.*, Case No. 2:17-cv-02857-APG-CWH (D. Nev.), ECF No. 1.  She alleged that the defendants violated various federal and state laws by placing her into a negative amortization loan and illegally foreclosing on her property. *Id.*  I dismissed that complaint in April 2018 because Salvador failed to allege a valid claim against any of the defendants, and I granted her leave to amend. *Id.* at ECF No. 75.  I dismissed Salvador's amended complaint in March 2019 for lack of subject matter jurisdiction. *Id.* at ECF No. 136.

Later that month, Salvador filed a state court action against the same defendants named in Salvador's current complaint. ECF No. 30-3.[3]  Salvador alleged that the negative amortization mortgage loan that Meridias brokered for her was void because Meridias fraudulently misrepresented itself as a lender, and therefore the related documents that the defendants possessed were invalid. *Id.* at 3-10.  She also alleged, among other things, that she was the victim of the defendants' predatory and fraudulent lending practices. *Id.* at 4.  She brought six causes of

---

[2] I previously summarized the facts related to Salvador's mortgage loan and foreclosure proceedings in *Salvador v. Bank of New York Mellon, et al.*, Case No. 2:17-cv-02857-APG-CWH (D. Nev. Apr. 25, 2018), ECF No. 75.  The parties are familiar with the facts so I will not repeat them here except as necessary to resolve the motions.

[3] Generally, I may not consider material beyond the pleadings in ruling on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  However, as an exception to this rule, I "may take judicial notice of matters of public record" under Federal Rule of Evidence 201. *Id.* at 689 (quotation omitted).

1 | action: no valid contract, fraudulent misrepresentation, wrongful foreclosure on her property,

2 | predatory lending, lack of standing to foreclose, and conspiracy to defraud. *Id.* at 11-17.

3 |      The state court dismissed Salvador's complaint in June 2019. ECF No. 30-7.  It found

4 | that Salvador's argument that her foreclosure was improper because her loan was improperly

5 | securitized had been rejected by Nevada courts and the Ninth Circuit Court of Appeals. *Id.* at 4.

6 | It also determined that Salvador lacked standing to challenge any claims related to a pooling and

7 | servicing agreement. *Id.* at 5.  The court found that Salvador had not stated any claims upon

8 | which relief could be granted. *Id.* at 5-6.  It also vacated defaults that had been entered against

9 | Countrywide Home Loans, Inc. and Mortgage Electronic Registration Systems, Inc. (MERS). *Id.*

10 | at 6.  Finally, it found there was no just reason for delay, certified its order under Nevada Rule of

11 | Civil Procedure 54(b),[4] and made an express direction for the entry of judgment in favor of all of

12 | the present defendants except for Meridias. *Id.* at 6-7.  The court dismissed Salvador's complaint

13 | and noted she "could proceed with Meridias." ECF No. 20 at 62, 83.

14 |      Salvador appealed the dismissal to the Supreme Court of Nevada in July 2019. *Id.* at 51.

15 | The state district court denied Salvador's motion for reconsideration in August 2019, noting that

16 | the default against Meridias remained. ECF No. 30-12 at 3.

17 |      That same month, the Supreme Court of Nevada explained that it had previously removed

18 | Meridias as a respondent because the proceedings against it had not been concluded in the

19 |

20 |

---

21 | [4] Nevada Rule of Civil Procedure 54(b) provides that "[w]hen multiple parties are involved, the

22 | court may direct entry of a final judgment as to one or more, but fewer than all, . . . parties only if the court expressly determines that there is no just reason for delay.  Otherwise, any order or

23 | other decision . . . that adjudicates . . . the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

1  district court. ECF No. 30-13 at 2.  Because no default judgment had been entered against

2  Meridias, it was not a proper party to Salvador's appeal. *Id.*

3        In June 2021, the Nevada Court of Appeals affirmed the district court's dismissal of

4  Salvador's complaint. ECF No. 30-8.  In September 2021, the Supreme Court of Nevada filed

5  remittitur to the district court, attaching its judgment affirming the decisions. ECF No. 30-18 at

6  2-3.

7        Salvador filed the current complaint in September 2021 and amended it in October 2021.

8  ECF Nos. 1, 18.  Her amended complaint alleges that the state court's decision is invalid and

9  violates her constitutional rights. ECF No. 18 at 3.  Salvador also again alleges that her mortgage

10  note, related documents, and the foreclosure on her property are invalid. *See id.* at 4-5.  Salvador

11  requests her mortgage be declared invalid, the foreclosure on her property be nullified, the

12  defendants be deemed liable for her damages, and she be awarded title to the property. *Id.* at 7-9.

13  She also seeks a declaration that the state court decisions are non-binding because those courts

14  abused their power by "eliminating" Meridias as a defendant and not resolving her summary

15  judgment motion. *Id.* at 9.

16        BONY moves to dismiss, and defendants Countrywide, MERS, Quality, and Bank of

17  America, N.A. join. ECF Nos. 30, 33, 41.  Quality also separately moves to dismiss. ECF No. 20.

18  Salvador filed two motions for default judgment (ECF Nos. 26, 62), a motion for summary

19  judgment (ECF No. 46), and what I construe as a motion to prevent foreclosure (ECF No. 63).

20  **II. ANALYSIS**

21        A properly pleaded complaint must provide "a short and plain statement of the claim

22  showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v.*

23  *Twombly*, 550 U.S. 544, 555 (2007).  Although Federal Rule of Civil Procedure 8 does not

4

1   require detailed factual allegations, it demands more than "labels and conclusions" or a

2   "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

3   (2009).

4          I apply a two-step approach when considering motions to dismiss. *Id.* at 679.  First, I

5   accept as true all well-pleaded factual allegations and draw all reasonable inferences from the

6   complaint in the plaintiffs' favor. *Id.*; *Brown v. Elec. Arts, Inc.*, 724 F.3d 1235, 1247-48 (9th Cir.

7   2013).  Legal conclusions, however, are not entitled to the same assumption of truth even if cast

8   in the form of factual allegations. *Iqbal*, 556 U.S. at 679; *Brown*, 724 F.3d at 1248.  Second, I

9   consider whether the factual allegations in the complaint allege a plausible claim for relief. *Id.* at

10  679.  A claim is facially plausible when the complaint alleges facts that allow the court to draw a

11  reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 663.  When the

12  claims have not crossed the line from conceivable to plausible, the complaint must be dismissed.

13  *Twombly*, 550 U.S. at 570.

14         Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave

15  [to amend] when justice so requires."  "This policy is to be applied with extreme liberality."

16  *Eminence Capital LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted).

17  Leave to amend generally should be granted unless amendment would be futile. *See Lopez v.

18  Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

19         A. <u>Salvador's Constitutional Claims</u>

20         Salvador seems to claim that the state courts violated her 5th and 14th Amendment due

21  process rights by "eliminating" Meridias as a defendant, thereby adjudicating a case that was

22  different than the one she filed because it did not include Meridias as a defendant.  These claims

23  fail because Salvador does not sue any Nevada state court entity.  The defendants she sues here

5

1   are not responsible for the alleged constitutional violations and cannot provide her relief from

2   these alleged violations.  Further, she has not explained what process she was entitled to and

3   what process she was denied during the Nevada state court proceedings.  I therefore dismiss her

4   constitutional claims with prejudice as against the named defendants in this case.

5        B. <u>Bank of New York's Motion to Dismiss (ECF No. 30)</u>

6        BONY argues that claim preclusion bars Salvador's claims because the defendants here

7   are the same as in Salvador's state court action, the judgment dismissing Salvador's claims was

8   final and valid, and while her claims are not identical to the ones dismissed by the state court, she

9   makes many of the same factual and legal allegations.  BONY contends that to the extent

10   Salvador had not previously brought a claim under the laws cited in her amended complaint, she

11   should have asserted them in her state court complaint.  BONY argues that to the extent

12   Salvador's amended complaint incorporates her original complaint in this case, the original

13   complaint is barred because the state district court already dismissed those claims.

14        Salvador contends that the way the state courts disposed of her claims against Meridias

15   violated Federal Rule of Civil Procedure 54(b).  She argues that the state courts created a second,

16   separate case against the defendants other than Meridias, such that her original state court

17   complaint, which included Meridias, was never addressed.  She therefore contends that claim

18   preclusion does not apply.

19        I give Nevada's state court judgments the same preclusive effect as would be given under

20   Nevada law. *White v. City of Pasadena*, 671 F.3d 918, 926 (9th Cir. 2012).  I follow Nevada's

21   rules of preclusion when determining a state court judgment's preclusive effect. *Id.*  In Nevada,

22   claim preclusion applies when "(1) the parties or their privies are the same; (2) the final

23   judgment is valid[;] and (3) the [current] action is based on the same claims or any part of them

1   that were or could have been brought in the [prior] case." *Five Star Cap. Corp. v. Ruby*, 194 P.3d

2   709, 1054 (Nev. 2008).

3         Salvador brought her state court complaint against the same defendants as her current

4   action. *Compare* ECF No. 30-3 at 2 *with* ECF No. 18 at 1.  The state court's judgment against all

5   defendants other than Meridias is final and valid. *See* ECF Nos. 30-7 (state district court

6   dismissing Salvador's state court complaint, certifying its order under Nevada Rule of Civil

7   Procedure 54(b), and directing entry of judgment in favor of all of the present defendants, except

8   for Meridias); 20 at 91-98 (Nevada Court of Appeals affirming the dismissal of Salvador's state

9   court complaint); 30-13 at 2 (Supreme Court of Nevada stating that Meridias was not a proper

10   party to Salvador's appeal); 30-18 at 2-3 (Supreme Court of Nevada filing remittitur, attaching

11   its judgment affirming the district court's decisions).

12         The two actions also involve the same claims.  Salvador's state court complaint alleged

13   that the negative amortization loan program Meridias placed her into was invalid so the

14   documents related to her mortgage loan, such as the deed of trust and other mortgage transfer

15   documents, were also invalid. ECF No. 30-3 at 4.  She alleged that the defendants participated in

16   predatory and fraudulent lending practices using the invalid documents. *Id.*  She asserted that

17   because the documents were invalid, she did not default on her loan and her property cannot be

18   foreclosed upon or sold. *Id.* at 8, 10.  Here, in addition to the constitutional claims that I

19   dismissed above, Salvador alleges that the defendants violated various federal and state laws by

20   utilizing invalid documents related to her mortgage to foreclose on the subject property. ECF No.

21   18; *see also* ECF No. 1.[5]  Salvador's amended complaint is based on the same claims that made

22

23   [5] Salvador's amended complaint states that her original complaint contains a further explanation of the defendants' actions. ECF No. 18 at 6.  The amended complaint supersedes Salvador's original complaint and renders her original complaint without legal effect. *Lacey v. Maricopa*

1   up her state court action.  To the extent her amended complaint alleges the defendants violated

2   new statutes for the first time, Salvador could have asserted these claims in her state court action.

3   *Five Star Cap. Corp.*, 194 P.3d at 715 (finding claim preclusion applied where second suit

4   included additional claim because the second suit "was based on the same facts and alleged

5   wrongful conduct" as the first suit, so the new claim could have been asserted in the first suit).

6   Claim preclusion thus bars Salvador's amended complaint against all defendants other than

7   Meridias.  Claim preclusion does not bar her claims against Meridias because there is no final,

8   valid judgment against Meridias in the state court action.  I therefore grant BONY's motion to

9   dismiss Salvador's amended complaint against all defendants other than Meridias and deny as

10  moot Quality's motion to dismiss.

11          C. <u>Salvador's Motion for Summary Judgment (ECF No. 46)</u>

12          Summary judgment is appropriate if the movant shows "there is no genuine dispute as to

13  any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

14  56(a).  The party seeking summary judgment bears the initial burden of informing the court of

15  the basis for its motion and identifying those portions of the record that demonstrate the absence

16  of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

17          I construe Salvador's motion as being brought against all defendants.  I dismissed her

18  claims against all defendants except Meridias, so I deny her motion as moot as to all defendants

19  except Meridias.  Salvador has not sustained her burden of showing she is entitled to judgment as

20  a matter of law against Meridias because she has not identified any portion of the record

21

22

23  _____

*Cnty.*, 693 F.3d 896, 927 (9th Cir. 2012).  However, my reasoning and decision would not
change even if I considered facts alleged in her original complaint.

1  demonstrating an absence of a genuine issue of material fact.  Consequently, I deny her motion

2  for summary judgment against Meridias as well.

3      D. <u>Salvador's Motions for Default Judgment (ECF Nos. 26 and 62)</u>

4      Salvador filed two motions for default judgment. ECF Nos. 26, 62.  She filed her first

5  motion before the clerk entered Meridias's default, so I deny that motion as premature. *See* Fed.

6  R. Civ. P. 55.  Salvador's second motion for default judgment argues that because Meridias

7  failed to defend against Salvador's action, she is entitled to default judgment against it. ECF No.

8  62.  Her motion contains no analysis of the relevant factors under *Eitel v. McCool*, 782 F.2d

9  1470, 1471 (9th Cir. 1986).  Additionally, it appears Meridias no longer exists as an entity.[6]

10 Salvador has presented no arguments or authority showing that I may enter default judgment

11 against an entity that is dissolved or permanently revoked.  I therefore deny the motion without

12 prejudice to Salvador refiling a properly supported motion for default judgment.

13     If Salvador files a new motion for default judgment, she must do so **by July 20, 2022**.

14 Her motion also must clarify Meridias' current status as either dissolved or permanently revoked,

15 and must present argument and legal authority to support her contention that I have jurisdiction

16 and authority to enter judgment against such a defunct entity.  If Salvador does not move for

17 default judgment **by July 20, 2022**, then by that date she must either dismiss her claims against

18 Meridias or file a brief explaining whether and how she intends to proceed against Meridias in

19 this case.

20

21 [6] A business search through Nevada's secretary of state website for "Meridias Capital" results in
   two entities. *See* "Meridias Capital" Search Result, Nevada Secretary of State Business Entity
22 Search, https://esos.nv.gov/EntitySearch/OnlineEntitySearch (Enter "Meridias Capital" into
   "Name" field; then search).  One is titled "MERIDIAS CAPITAL FUNDING, LLC" and has had
23 its limited liability company status permanently revoked. *Id.*  The other is titled "MERIDIAS
   CAPITAL, INC." and has been dissolved. *Id. See also*, ECF No. 30-3 at 6 (Salvador's state court
   complaint stating that Meridias filed bankruptcy) and 9 (stating that Meridias no longer exists).

1          E. <u>Salvador's Motion to Prevent Notice of Foreclosure (ECF No. 63)</u>

2          Salvador filed a notice to inform me that Quality sent her a notice to quit the property.

3   ECF No. 63.  I construe this as a motion for me to prevent Quality from notifying her that she

4   must vacate the subject property.  Because I have dismissed Salvador's claims against Quality, I

5   deny this motion.[7]

6   **III. CONCLUSION**

7          I THEREFORE ORDER that defendant Bank of New York's motion to dismiss **(ECF**

8   **No. 30) is GRANTED** as to defendants BONY; Countrywide Home Loans, Inc.; Bank of

9   America, N.A.; Mortgage Electronic Registration Systems, Inc. (MERS); and Quality Loan

10  Service Corporation.

11         I FURTHER ORDER that defendant Quality Loan Service Corporation's motion to

12  dismiss and plaintiff Editha Salvador's motions for summary judgment, for default judgment,

13  and to prevent foreclosure **(ECF Nos. 20, 26, 46, 62, 63) are DENIED.**

14         I FURTHER ORDER that, in order to move this case forward, Salvador has until **July**

15  **20, 2022** to either (1) dismiss her claims against Meridias, (2) file a new motion for default

16  judgment against Meridias, or (3) file a brief explaining how she intends to proceed against

17  Meridias.  If Salvador moves for default judgment or wishes to otherwise keep her claims against

18  Meridian alive, she must (a) clarify Meridias' entity status as either dissolved or permanently

19  revoked and (b) present argument and legal authority to support her contention that I have

20  jurisdiction and authority to enter judgment against such a defunct entity.  If Salvador fails to do

21

22  ─────────────────

23  [7] Relatedly, I also deny Salvador's request for an injunction preventing the foreclosure of her property. ECF No. 18 at 6.  This claim fails because she has not identified why she would be entitled to this relief. *See Winter v. Nat. Res. Def. Council, Inc.,* 555 U.S. 7, 20 (2008); *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

this **by July 20, 2022**, I will dismiss the claims against defendant Meridias Capital and close this case.

      DATED this 28th day of June, 2022.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

11